CHIEF JUSTICE SAYLOR, Concurring
I join the majority opinion, except for the treatment of deference due to the Unemployment Compensation Board of Review. See Majority Opinion at 300-01. In this regard, I believe that some consideration should be given to the Board's adjudicative role at the time it proffered its interpretation of the governing statute. See, e.g. , Ark. Dep't of Health & Human Servs. v. Ahlborn , 547 U.S. 268, 292, 126 S.Ct. 1752, 1767, 164 L.Ed.2d 459 (2006) (explaining that "agency adjudications typically warrant deference"); accord ARIPPA v. PUC , 792 A.2d 636, 660 (Pa. Cmwlth. 2002) (noting that deference is due to an agency's interpretation of a statute rendered while acting in an expert capacity during the course of an adjudication). Such a role seems less likely than that of an adversarial litigant to incentivize administrative agencies to "adopt positions arbitrarily and/or based on interests unrelated to ... legislative intent[.]" Huntley & Huntley v. Borough of Oakmont , 600 Pa. 207, 229, 964 A.2d 855, 868 (2009).
A pervading question in this field, of course, is how much deference is due in any given context. For present purposes, I find that the majority's able analysis of the relevant statute is substantially more persuasive than the reasoning supplied by the Board and surpasses the weight of the deference that I would accord. Further, and relatedly, the particular statutory-interpretation issue raised in the present matter only modestly implicates agency expertise.